OTILIA HENNA PÉREZ, Plaintiff and Appellee, *v.* TEODORO HEDILLA MEJÍA, Defendant and Appellant.

No. 6079. Argued June 20, 1932.—Decided June 24, 1932.

*F. Colón Díaz* and *L. Tormes* for appellant. *López de Tord & Zayas Pizarro* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

This is a motion to dismiss an appeal because the appellant failed in the court below to file a transcript of the evidence within the time allowed to him, and as a consequence, we take it, did not perfect his appeal to this Court. It turns

out that in the District Court of Ponce the appellant was required to pay two hundred dollars in court for the stenographer's fees. The appellant filed a motion for an extension of time to file a transcript of the evidence and alleged that he was insolvent and asked for an order allowing him to proceed *in forma pauperis*. The court denied the motions. The appellant herein also appealed from the orders refusing to allow him to proceed *in forma pauperis* and denying the extension of time.

In opposition to the motion to dismiss the appellant says that his principal appeal is meritorious and that the case ought not to be dismissed, because of the existing appeals from the orders of the court aforesaid.

The appellee says that the said orders are not appealable. The appellant contends that they are orders rendered after a judgment and are, therefore, appealable under paragraph 3 of section 295 of the Code of Civil Procedure, and cites cases to that effect. *Avalo Sánchez* v. *Estate of Díaz,* 9 P.R.R. 306; *Ayoroa* v. *The Estate of Méndez et al.,* 13 P.R.R. 274; *Hernáiz, Targa & Co.* v. *Vivas,* 20 P.R.R. 99. See also *Ríos et al.* v. *Ríos,* 15 P.R.R. 263.

We rather think that an order of this kind is appealable, but this fact does not necessarily prevent this Court from dismissing the appeal in the main case. We hold that when the appellant did not obtain an extension of time a right arose in the appellee to move for a dismissal for failure to comply with the law or the rules of this Court. Should the fact that a party has appealed from an order of the court refusing to grant an extension prevent the appellee from obtaining in all cases a dismissal? It can readily be seen that all that an appellant needs to do in that case would be to appeal from any order of the court refusing to grant an extension, and all cases could be indefinitely delayed in this manner. The duty of the appellant was to convince this Court that his appeals from the orders denying the extension and the right to litigate *in forma pauperis* were meritorious.

In the absence of such a showing the right to a dismissal of the appeal in this case should not be delayed or postponed.

If the problem arises what should become of the appeals that the defendant has taken from the two orders, the answer is that such appeals would have become academic and to no purpose. The right to prosecute his appeal in the main case was lost by failure to justify the meritorious nature of the motions subsequent to the judgment. The preferable practice is not to appeal but to have recourse under the rules or by special petition.

For the reasons of the motion to dismiss, combined with the failure of the appellant to justify his subsequent actions, the appeal in this case will be dismissed.